IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REO L. COVINGTON,

                Plaintiff,

    v.

DANE COUNTY JAIL, MARY CARPENTER, DANE        OPINION and ORDER
COUNTY SHERIFF CALVIN BARRETT, WELLPATH
HEALTH SERVICES, PHYSICIAN ASSISTANT JOHN        23-cv-201-wmc
DOE, REGISTERED NURSES JOHN/JANE DOE, 5
UNNAMED DANE COUNTY DEPUTIES and SGT.
SINCLAIR,

                Defendants.

---

Plaintiff Reo Covington, who is representing himself, has filed a lawsuit challenging various conditions of confinement at the Dane County Jail. Under 28 U.S.C. § 1915(e)(2) and § 1915A, this court must screen and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, because plaintiff has improperly joined unrelated claims and defendants in violation of Rule 20 of the Federal Rules of Civil Procedure, the court must dismiss the complaint, but will give plaintiff a chance to file an amended complaint to fix these problems.

OPINION

Plaintiff's complaint contains allegations about several, unrelated issues and incidents at Dane County Jail. Plaintiff tries to tie these incidents together by suing the sheriff and the

jail itself, but the incidents occurred at distinct times and places and primarily involved different defendants. Plaintiff's claims can be grouped into the following categories:

1) Plaintiff is denied access to the same food items as other inmates because of his diabetes, in violation of the Americans with Disabilities Act.

2) Plaintiff was denied adequate care for dental problems, in violation of the Fourteenth Amendment.

3) Plaintiff was subjected to inhumane conditions of confinement, including bug-infested cells and showers, filthy walls and toilets and unwashed food trays, in violation of the Fourteenth Amendment.

Both Rule 20 and Rule 21, as well as the court's inherent authority, call for the severing of unrelated claims filed in the same lawsuit. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863–64 (7th Cir. 2018); *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). As the Seventh Circuit has explained, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Lawsuits with unrelated claims are both unfair to defendants (who must participate in proceedings that have little to do with them) and difficult to manage for the court and the plaintiff (who may find it impossible to litigate unrelated claims at the same time, with or without a lawyer). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendants suits.") (internal quotations omitted). Thus, when a plaintiff tries to cram too much into one case, the court may require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler*, 689 F.3d at 683

Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), only one of the three categories of claims above may proceed as Case No. 23-cv-201-wmc.  Plaintiff will have to choose which lawsuit that is, then must file an amended complaint that includes only one of the potential lawsuits identified above.  If plaintiff wishes to litigate more than one of those claims, he will need to file a separate lawsuit for each of his other claims, *and* make an initial partial payment for each lawsuit filed.  Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits before filing.  If plaintiff files an amended complaint that includes more than one of the issues identified above, the court will dismiss the case for failing to comply with a court order.

Plaintiff must file his amended complaint(s) on the court's prisoner complaint form.  In addition, plaintiff should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2).  Thus, the amended complaint's allegations must be "simple, concise, and direct," Fed. R. Civ. P. 8(d), and plaintiff should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Finally, plaintiff should identify the claims he wishes to allege in the amended complaint, but he should omit any legal arguments and citation to state policies and procedures.

For any claim that plaintiff wishes to bring against an individual defendant, he must explain how that defendant was personally involved in violating his rights.  In doing so, plaintiff should carefully consider whether he is naming proper defendants and omitting defendants who did not personally participate in, or otherwise cause, a violation of federal law.  Unless he explains what each defendant did, or failed to do, to violate his federal rights (and generally

avoid referring to defendants collectively), the court will have no choice but to dismiss that defendant or those defendants for failure to state a claim upon which relief may be granted. He should also identify by full name all the individuals he wishes to sue in the amended complaint's caption. If he does not know the name of an individual who allegedly violated his federal rights, he may still name that individual as a "Doe defendant" in the amended complaint's caption and body. To the extent feasible, however, plaintiff should give each Doe defendant as specific a name as possible, such as "John Doe, Day Shift Correctional Officer," or "Jane Doe, Night Shift Nurse."

Finally, if plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order. Once plaintiff complies with these requirements, the court will screen the complaint or complaints as required under 28 U.S.C. § 1915(e)(2) and § 1915A.

## ORDER

IT IS ORDERED that:

1. Plaintiff Reo Covington's complaint is DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

2. Plaintiff may have until November 11, 2024 to file an amended complaint that addresses the problems identified in this order.

3. The clerk of court shall provide a complaint form to plaintiff along with a copy of this order.

4

4.  The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5.  If plaintiff does not respond, the court will dismiss this case for failure to comply with a court order.


Entered this 16th day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge